**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **SCRIBE MEDIA, LLC** | § | **CASE NO. 23-10868-smr** |
| | § | **(Chapter 7)** |
| **DEBTOR** | § | |

**ORDER GRANTING MOTION OF WARN PLAINTIFFS TO MODIFY**
**STAY TO PERMIT CONTINUATION OF FEDERAL CLASS ACTION [DKT NO 20]**

Came on for consideration at the *Motion of WARN Act Plaintiffs to Modify Stay to Permit Continuation of Federal Class Action* [DKT NO 20] ("Motion") filed by Alyssa Cormier, Claire Brudner, Marianna Acosta, and Esty Pittman, individually and on behalf of all others similarly situated (the "WARN Act Plaintiffs") on January 18, 2024. Having carefully considered the arguments of counsel, the Motion, the responses, and the declarations and supporting exhibits offered by the parties, the Court makes the following findings of fact:

      1.     This Court has jurisdiction of the present contested matter pursuant to 28 U.S.C. §§ 157(b)(2)(G) and 1334.

      2.     The Motion was served as required by Rule 4001 and 9013 of the Local Rules of the United States Bankruptcy Court for the Western District of Texas and the notice given by the

WARN Act Plaintiffs of the Motion and hearing constitute due and sufficient notice thereof. Appearances were entered by WARN Act Plaintiffs' counsel and the Chapter 7 Trustee.

3.      Debtor Scribe Media, LLC ("Scribe") and the WARN Act Plaintiffs are opposing parties in a lawsuit pending in the United States District Court for the Western District of Texas, Austin Division, in Civil Action No. 1:23-cv-647-RP styled *Alyssa Cormier, Claire Brudner, Marianna Acosta, and Esty Pittman vs. Scribe Media, LLC, Bond Financial Technologies Holdings, LLC, Enduring Ventures, Inc. Enduring Consulting Group, LLC and Enduring Ventures TY Partnership, LLC* (the "WARN Lawsuit")

4.      The WARN Act Plaintiffs assert liability under the *Worker Adjustment and Retraining Notification Act*, 29 U.S.C. § 2101 et seq. (the "WARN Act") arising from Scribe's alleged failure to comply with the WARN Act. The WARN Act Plaintiffs additional assert successor liability against co-Defendants Bond Financial Technologies Holdings, LLC, Enduring Ventures, Inc., Enduring Consulting Group LLC, and Enduring Ventures TY Partnership LLC ("Co-Defendants"). Scribe and the Co-Defendants in the WARN Lawsuit contested liability.

5.      The Co-Defendants in the WARN Lawsuit are not debtors and are not protected by the automatic stay arising in Scribe's pending bankruptcy case.

6.      Under 11 U.S.C. § 362(d)(2), the Court must grant relief from the automatic stay "for cause." Although "cause" is not defined in the statute, the "legislative history does provide that 'a desire to permit an action to proceed to completion in another tribunal may provide . . . cause.' *Mooney v. Gill*, 310 B.R. 543, 546 (N.D. Tex. 2002).

7.      In deciding the question of cause in connection with determining whether to allow a creditor to return to a pending state court suit to liquidate a claim against a debtor, courts have applied a variety of tests, listing from four to twelve factors. *See Stone St. Servs. v. Granati (In re Granati)*, 271 B.R. 89, 93 (Bankr. E.D. Va. 2001); *In re Sonnax Industries, Inc.*, 907 F.2d 1280,

1286 (2d Cir. 1990); *In re Curtis*, 40 B.R. 795, 799- 800 (Bankr. D. Utah 1984). Regardless of the factors considered, the question essentially remains one of balancing the hardships of the parties in conjunction with the goals of the United States Bankruptcy Code. *Mooney* at 546.

8.      Taken in consideration with limitations on this Court's jurisdiction to decide liability under the WARN Act, the Court finds that in this case balancing the hardships between Scribe and the WARN Act Plaintiffs weighs in favor of granting the relief requested by the WARN Act Plaintiffs.

9.      Good cause exists to modify the automatic stay to authorize the WARN Act Plaintiffs in the WARN Lawsuit to prosecute their claims against Debtor Scribe Media, LLC subject to this Court's continuing jurisdiction over the property of the Debtor's estate.

IT IS ORDERED THAT:

A.      The automatic stay is modified to allow the WARN Act Plaintiffs to liquidate their claims in the WARN Lawsuit against Debtor Scribe Media, LLC, including entry of a final judgment determining the interests of the parties;

B.      Except to the extent provided above, the automatic stay will remain in effect with regard to the implementation of any such judgment other than through proceedings authorized in this Court under the United States Bankruptcy Code or as allowed by further orders of this Court respecting the administration of the Debtor's estate; and

C.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

Prepared By:
J. Douglas Uloth
douguloth@ulothlaw.com
Uloth, P.C.
5000 Riverside Dr.
Building 6, Suite 100E
Irving, TX 75039-4333
Tel. 214.479-0411
Fax 888.780.5946